164 So. 119

## STATE v. STALLINGS.
## 7 Div. 197.

Court of Appeals of Alabama.
Nov. 5, 1935.

M. C. Sivley, Sol., and McCord & McCord, all of Gadsden, for the State.

E. G. Pilcher and Rains & Rains, all of Gadsden, for appellee.

BRICKEN, Presiding Judge.

Petitioner, in the court below, was confined in the county jail under indictment charged with murder in the first degree.

On the 19th day of September, 1935, he filed his petition for writ of habeas corpus, directed to Honorable J. H. Disque, Jr., judge of the circuit court, who ordered the issuance of the preliminary writ made returnable on the 25th day of September, 1935. On said date the hearing was had resulting in an order allowing petitioner

bail in the sum of $5,000, from which order the state of Alabama, through its representatives, the Solicitor and associate counsel, took an appeal to the Supreme Court from which court the case was transferred to this court as here belonging. A submission of the matter was had in this court on October 31, 1935.

The record is very voluminous, containing 132 pages of transcript paper. Upon the hearing below a large number of witnesses were examined as to the facts and circumstances attending the killing of the deceased, Thomas Gosdin. With the exception of the three physicians who testified, the remaining witnesses were eyewitnesses to the difficulty which resulted in the death of the deceased. It appears from the record that petitioner was, at the time of the difficulty, a police officer in the city of Gadsden.

We have read and carefully considered the entire record, with the view of ascertaining whether the decision and finding of the judge who heard the petition and entered the order was against the great weight and preponderance of the evidence and contrary thereto. This is the sole question presented for our consideration on this appeal.

After an attentive consideration of all of the evidence we have reached the conclusion that the order of the judge from which this appeal by the state was taken should not be disturbed.

We refrain from stating the evidence, or expressing our opinion thereon, for the manifest reason in a proceeding of this character no direct statement from the court calculated to prejudge the case upon final hearing should be indulged.

The prevailing rule will be adhered to in this case. This rule as oft announced is that in reviewing the finding of the primary tribunal, the conclusion of the judge upon the facts, we will have regard to the weight which should be accorded by the revising court to the finding of the trial judge, for the reason that the witnesses appeared before him in person, thus affording him an opportunity of seeing and hearing them and of observing their deportment and demeanor on the stand; and the rule is, as stated above, unless it appears that the primary judge's conclusion on the facts is contrary to the great weight or preponderance of the evidence, such conclusion will not be disturbed. We are not prepared to say that the conclusion reached by the judge below on the hearing in this proceeding was erroneous under the rule stated. It follows, therefore, that the order allowing bail of $5,000 to the petitioner is affirmed.

Affirmed.